IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| MANUEL A. BENAVIDEZ, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ 22323 |
| IRVING INDEPENDENT SCHOOL DISTRICT (TEXAS) and ONITA C. PATRICK, VALERIE D. JONES, JERRY D. CHRISTIAN, RONDA LEE HUFFSTETLER, JOHN RANDAL STIPES, NANCY JONES, and ADRIAN T. JENKINS, in their official capacities, | § | 3-08CV0924-D |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE VOTING RIGHTS ACT OF 1965**

Plaintiff Manuel A. Benavidez ("Benavidez") files this Original Complaint for Declaratory and Injunctive Relief against defendants the Irving Independent School District (Texas) ("Irving ISD"), located in Irving, Texas, and Onita C. Patrick ("Patrick"), Valerie Jones ("V. Jones"), Jerry Christian ("Christian"), Rhonda Huffstetler ("Huffstetler"), John Randal Stipes ("Stipes"), Nancy Jones ("N. Jones") and Adrian T. Jenkins ("Jenkins"), each in their official capacities as members of the Irving ISD Board of Trustees (the "Board, and each individually, a "Trustee"), on personal knowledge as to all allegations concerning his activities and on information and belief as to all remaining allegations.

**I.**

**PRELIMINARY STATEMENT**

The Irving Independent School District conducts at-large elections for each of the seven Trustees of the Board (the "Electoral System"). The purpose and effect of this Electoral System

is that each and every Trustee of the Irving ISD's Board responds to the concerns of the same predominately white voters that dominate the at-large electorate in the Irving ISD and, therefore, determine the winning candidate for all positions.

This at-large system is intended to deny representation to the substantial minority of the Irving ISD's voters who are Hispanic–39.8% of Irving's population by an authoritative 2005 estimate. Courts have repeatedly struck down such at-large systems for electing the members of legislative bodies in cities with significant minority populations and have required those cities to adopt single-member district systems. Plaintiff, himself a victim of this intentionally pernicious system, files this lawsuit in order to ensure that the Irving ISD's substantial Hispanic minority has the opportunity to select representation of its choice and to end the Irving ISD's continuing violations of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, *et seq.*

## II.

## PARTIES

### A.  Plaintiff

Plaintiff Benavidez is a Hispanic individual residing at 2108 Meadow Glen, Irving, Texas, 75060.

### B.  Defendants

1. The Irving ISD is a school district and body corporate located in Dallas County, Texas, and created pursuant to Texas Education Code 11.051(a) and (b), and may be served with process by serving Patrick at 2621 W. Airport Freeway, Irving, Texas 75062.

2. N. Jones is elected to Place 1 of the Board, is a resident of the Irving ISD, and may be served with process at 1821 Piedmont Street, Irving, Texas 75061.

3. Jenkins is elected to Place 2 of the Board, is a resident of the Irving ISD, and may be served with process at 107 Lida Court, Grand Praire, Texas 75050.

4. Stipes is elected to Place 3 of the Board, is a resident of the Irving ISD, and may be served with process at 2212 Cecilia Court, Irving, Texas 75060.

5. V. Jones is elected to Place 4 of the Board, is the Secretary of the Board, is a resident of the Irving ISD, and may be served with process at 3942 Buckingham Drive, Irving, Texas 75038.

6. Patrick is elected to Place 5 of the Board, is the Vice President of the Board, is a resident of the Irving ISD, and may be served with process at 1416 Fulton Drive, Irving, Texas 75060.

7. Christian is elected to Place 6 of the Board, is the President of the Board, is a resident of the Irving ISD, and may be served with process at 600 Ricker Court, Irving, Texas 75061.

8. Huffstetler is elected to Place 7 of the Board, is a resident of the Irving ISD, and may be served with process at 3426 Dartmouth Drive, Irving, Texas 75062.

### III.

### JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331 and Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, this Court has jurisdiction over this action.

10. The Court has personal jurisdiction over defendants, and venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this District.

IV.

## FACTS

**A.   Plaintiff:  A Long-Time Resident Of Irving And A Victim Of The Irving ISD's Illegal Electoral System.**

11.   Plaintiff Benavidez, a Hispanic, is a long-time resident of the City of Irving (the "City" or "Irving") having moved to the City in 1971.  From 1971 until his recent retirement, Benavidez was an employee of American Airlines.  Benavidez is an outgoing individual with wide personal contacts in Irving and a strong interest in community and civic affairs.  He is also an active participant in the political process.  These qualities make Benavidez a natural candidate to run, and run successfully, for Trustee of the Irving ISD Board from a predominantly Hispanic voting district.  In fact, Benavidez ran in 2000 and again in 2005 for a position on the Irving ISD Board, but lost each time despite the presence of a substantial Hispanic population in the Irving ISD.  The Irving ISD elects each of the members of its Board citywide.  Bloc voting by whites in district-wide Irving ISD elections, such as those conducted for positions on the Board, almost always results in the defeat of Hispanic candidates, such as Benavidez.

**B.   The City And The Irving ISD:  A City And District In Transition**

12.   The City was founded in 1903, and likely named after the famous American author, Washington Irving.  It was formally incorporated in 1914.  The City is the home of the University of Dallas, which opened in 1956, and Texas Stadium, which opened in 1971.

13.   In 1925, Irving had only 357 residents.  Rapid population growth, however, began in the 1930s, and by the early 1960s, Irving had about 45,000 residents.  Irving's overall population reached 155,037 in 1990, and 191,615 in 2000.  As of 2005, Irving had an estimated population of 212,262.

14. As rapid as Irving's overall population growth has been, its Hispanic population has grown even faster. The 2000 census reflected that Irving's Hispanic population of 59,838 comprised 31.23 percent of the total population of Irving. Hispanics were also 27.21 percent of its voting age population. This population continues to grow rapidly. The 2005 American Community Survey estimated that Hispanic residents numbered 84,638 out of the total population of 212,262, or 39.87%. Clearly, Irving's ethnic composition has changed rapidly. Unfortunately, this change has not been reflected on the Board.

15. The boundaries of the Irving ISD are essentially congruent with those of the City, except that Valley Ranch and a small part of Las Colinas are outside the Irving ISD, and a small part of the City of Grand Prairie lies within it. The changes in ethnic composition in Irving as a whole described above have been reflected to an even greater extent in the student body of the Irving ISD. While the Hispanic portion of the population of the City is now approaching 50%, according to the Irving ISD's website, its student body is already more than two-thirds Hispanic.

C.  **The Irving ISD's Electoral System**

16. Under the Electoral System, the Seven Trustees that comprise Irving ISD's Board are elected for three-year terms to "places." The Trustee for each place is elected by an identical at-large electorate comprised of the entire school district. The elections are staggered so that approximately one-third of the Trustees are elected in each yearly election. The only residency requirement is that each Trustee must reside within the boundaries of the Irving ISD. This Electoral System permits the possibility that each of the seven Trustees could reside on the same street block.

D.  **The Discriminatory Effects Of Irving ISD's Electoral System**

17. The 2000 census reflects that Irving's voting age population was approximately 27 percent Hispanic. Based on this percentage, one might expect to find two Hispanic Board

members, but there are none. This lack of success suggests that whites vote as a bloc to defeat any candidate preferred by Hispanic voters.

18. Inspection of demographic maps of the Irving ISD based on the 2000 census shows that Hispanics in Irving are concentrated in the southern half of the city, and especially the southeast area. As such, the Hispanic vote is geographically compact. In short, Hispanics are sufficiently numerous and geographically compact that a properly apportioned single-member district plan can be drawn in which Hispanics would form a majority of the population and voting age population in at least two of seven potential districts.

19. In addition, the Electoral System disadvantages Hispanic candidates because, due to ethnic social patterns, it is more difficult for Hispanic voters to solicit white voters than it is for white candidates to do so. Further, Hispanic voters suffer from the effects of past discrimination and have lower average incomes and less education, which also disadvantage the candidates favored by Hispanic voters. In particular, it is more difficult for Hispanic candidates to raise the campaign funds necessary to compete effectively in district-wide elections.

E. **Without Court Intervention, The Current Discriminatory Electoral System Will Remain In Place.**

20. Unless this Court directs the Irving ISD to design a single member electoral system for Board elections, the current discriminatory Electoral System will continue. Accordingly, the Court should compel the Irving ISD to correct this illegal system for electing the Board and afford all of residents of the Irving ISD an opportunity to elect Trustees of their choice.

V.

## CLAIM

A. <u>Violation Of Section 2 Of The Voting Rights Act Of 1965</u>

21. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

22. Section 2 of the Voting Rights Act of 1965, as amended, prohibits any standard, practice, or procedure that results in the denial or abridgement of the right of minorities to vote. Specifically, it forbids any electoral system that denies Hispanics an equal opportunity to that afforded to other members of the electorate to elect representatives of their choice.

23. The Irving ISD's at-large Electoral System for electing its Board dilutes Hispanic voting strength and is not equally open to participation by the Irving ISD's Hispanic voters. Further, the Electoral System results in Hispanics having less opportunity than some other voters to participate in the electoral process and to elect representatives of their choice.

24. Unless enjoined by this Court, the Irving ISD's at-large Electoral System will remain in force, and the Irving ISD will therefore continue to violate Section 2 of the Voting Rights Act by administering, implementing, and conducting future elections for the Board using the at-large Electoral System.

VI.

## JURY DEMAND

25. Plaintiff hereby demands a trial by jury of all issues so triable.

VII.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court enter an order:

(1) Declaring that the at-large method of electing members to the Irving ISD Board violates Section 2 of the Voting Rights Act;

(2) Enjoining the Irving ISD, its agents, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for the Irving under the at-large method;

(3) Ordering the Irving ISD to devise an election plan, and implementation schedule for that plan, that remedies the violation of Section 2. If it fails to devise such a plan, the Court should order into effect a new election plan of its own designed to remedy the violation of Section 2 and order elections to be held pursuant to that plan as promptly as possible;

(4) Awarding reasonable attorney's fees, reasonable expert fees, and other reasonable litigation expenses pursuant to 42 U.S.C. § 1973$l$(e) and any other applicable statute;

(5) Awarding Costs of Court; and

(6) Granting any other relief, at law or in equity, to which Plaintiff may be entitled and which this Court deems just and proper.

Respectfully submitted,

**BICKEL & BREWER STOREFRONT, P.L.L.C.**

By: /s/ Michael Veeser

William A. Brewer III
State Bar No. 2967035
Michael L. Smith
State Bar No. 24027989
Michael Veeser
State Bar No. 24042088

1717 Main Street
Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR PLAINTIFF
MANUEL BENAVIDEZ**

5147704.9
8001-143

JS 44
Rev. 3/99

ORIGINAL

# CIVIL COVER SHEET

3-08CV0924-D

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

Manuel Benavidez

RECEIVED
JUN - 2 2008
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**DEFENDANTS** Irving ISD(Texas), Onita Patrick, V. Jones, J. Christian, R. Lee Huffstettler, J. Stipes, N. Jones, and Adrian T. Jenkins

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Bickel & Brewer, 1717 Main Street, #4800, Dallas, TX 75201, TEL: 214-653-4000

ATTORNEYS (IF KNOWN)
Charles Anderson
825 West Irving, Blvd
Irving, TX 75060
Tel: 972-721-2541

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane — PERSONAL INJURY ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 365 Personal Injury — Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 345 Marine Product Liability ☐ 370 Other Fraud |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 210 Land Condemnation | [X] 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  |  |
| 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff sues the Irving Independent School District for its violations of the Voting Right Act of 1965, 42 U.S.C.;1973, et seq.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: June 2, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____