IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANUEL A. BENAVIDEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:08-CV-0924-D |
| VS. § | |
| § | |
| IRVING INDEPENDENT SCHOOL § | |
| DISTRICT, TEXAS, et al., § | |
| § | |
| Defendants. § | |

**ORDER**

The February 17, 2010 motion for new judgment and/or new trial of plaintiff Manuel A. Benavidez ("Benavidez") is denied.[1]

Without addressing all the grounds on which Benavidez relies, the court specifically rejects his contention that the court overlooked critical evidence by failing to note that Benavidez's experts relied on more than just the 2007 American Community Survey ("ACS") one-year data (the "2007 ACS data") in demonstrating satisfaction of the first prong of the test articulated in *Thornburg v. Gingles*, 478 U.S. 30 (1986).  While Benavidez's expert, David Ely ("Ely"), relied only on the 2007 one-year ACS data in his report,[2] P. Ex. 1 at 3, ¶ 11, he did testify concerning

---

[1]The court assumes that the motion for a "new judgment" is a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) because it was filed within 28 days after the entry of the judgment.

[2]Benavidez asserts that the court "erroneously found that Plaintiff 'relied only on the 2007 one-year ACS data.'" P. Br. 5. This contention misreads the court's memorandum opinion.  Instead, the court merely noted "when [Ely] created his report, [he] relied only on the 2007 one-year ACS data." *Benavidez v. Irving Indep.*

the 2007 three-year data and the 2008 one-year and three-year data. Tr. 1:123-24; *see also* P. Ex. 82.  In its memorandum opinion, the court specifically noted Ely's comparison of the 2008 data to the 2007 data used in the report.  *See Benavidez v. Irving Indep. Sch. Dist., Tex.*, 2010 WL 184436, at *5 (N.D. Tex. Jan. 20, 2010) (Fitzwater, C.J.).  Taking into consideration Ely's testimony regarding the additional ACS data, the court still found that Benavidez had not proved that the ACS data were "thoroughly documented, hav[ing] a high degree of accuracy, and [were] clear, cogent and convincing."  *Id.* at *7.

In addition, Benavidez argues that the court found it inappropriate to use 2000 Census data to draw potential single-member districts with equal population but then used the projections based on the 2007 ACS data to estimate the characteristics of the population in those districts.  The court did not, and does not, draw this distinction.  The court's opinion turned on the reliability of the 2007 ACS data when used in small populations, and Benavidez's failure to present sufficient evidence to overcome the strong presumption in favor of decennial census data.  The court did not address whether it would be inconsistent to use the 2000 Census data for purposes of population count and the 2007 ACS data, if found sufficiently reliable, for purposes of

---

*Sch. Dist., Tex.*, 2010 WL 184436, at *5 (N.D. Tex. Jan. 20, 2010) (Fitzwater, C.J.).

determining population characteristics. In fact, the court's decision notes that the U.S. Census Bureau draws this very distinction in outlining the proper use of its data. *See id.* at *5.

\* \* \*

Benavidez's February 17, 2010 motion for new judgment and/or new trial is denied.

**SO ORDERED.**

February 19, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE